
FILED
DEC 03 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN GALLAGHER,           )
                          )
        Plaintiff,        )
                          )
    v.                    )   Civil Action No. 1:18-cv-02441 (UNA)
                          )
                          )
INTER-AMERICAN COMMISSION )
ON HUMAN RIGHTS, *et al.*,)
                          )
        Defendants.       )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff sues the Inter-American Commission on Human Rights and the United Nations. Compl. at caption. He alleges that he has been "denied access to US Courts due to [his] religion." *Id.* at 2. He provides no further facts or information in furtherance of this allegation. He also fails to indicate what, if anything, defendants have to do with the alleged lack of access. Plaintiff appears separately aggrieved that he has contacted defendants "via their online portal," and that they have failed to respond to him. *Id.* He believes that this lack of response is also founded in discrimination. *Id.* Plaintiff asks the Court to order defendants to enforce various declarations, covenants, and articles, or in the alternative, to order defendants to cease operations. *Id.* at 3.

The complaint is vague, confused, and fails to provide adequate notice of any claim. The complaint also fails to set forth allegations with respect to this Court's jurisdiction over plaintiff's entitlement to relief or a valid basis for any award of damages. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 3, 2018

_____
United States District Judge

2